RUSSELL A. HART
Assistant Federal Defender
Federal Defenders of Montana
Billings Branch Office
175 North 27th Street, Suite 401
Billings, MT  59101
Phone:  (406) 259-2459
Fax:  (406) 259-2569
russell_hart@fd.org
        Attorney for Defendant

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | **Case No. CR-25-159-BLG-WWM** |
| Plaintiff, | |
| vs. | **DEFENDANT'S SENTENCING MEMORANDUM** |
| ZACHARY DEAN SCHIFFERNS, | |
| Defendant. | |

COMES NOW the Defendant, through counsel, and offers the following Memorandum to this Honorable Court in anticipation of the Sentencing Hearing scheduled for July 29, 2026.

1

## APPLICABLE GUIDELINE AND MANDATORY MINIMUMS

The PSR anticipates an advisory guideline range of 292 to 365 months, from an offense level of 40 and a criminal history category of I.  PSR at ¶87.  Zachary has pled guilty to one count that subjects him to a mandatory minimum sentence of fifteen years' imprisonment.  PSR at ¶58.

## WITHDRALW OF PSR OBJECTION

Upon consultation with counsel and review of the applicable Guideline, Zachary withdraws his objection to the application of USSG §4B1.5(b)(1) at ¶45 of the PSR.

## DISCUSSION – 18 U.S.C. § 3553(a)

The overarching statutory charge for a district court is to "impose a sentence sufficient, but not greater than necessary" to reflect the seriousness of the offense, promote respect for the law, and provide just punishment; to afford adequate deterrence; to protect the public; and to provide the defendant with needed educational or vocational training, medical care or other correctional treatment.  *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008); 18 U.S.C. § 3553(a) and (a)(2).

It is impossible to point to any combination of circumstances in Zachary's past that excuses or explains his offense conduct.  He comes from a solid family he remains close with and his three siblings, two of whom work for the family business,

2

and all maintain regular contact with him.  PSR at ¶64-65.  Zachary himself, prior to his arrest, was well-employed in the mining industry in Rosebud County when he was not working for the family business.  PSR at ¶80-82.

What sense we can make of Zachary's offense began with his first sexual memory at age 10 or 12, which appears from Mr. Quigley's evaluation to have been a corrupting event at the outset of Zachary's sexual development.  Immediately following that first memory, the PSR notes a distinct and abrupt escalation in Zachary's juvenile sexual behaviors.  PSR at ¶72.  By the time of his evaluation near in time to his offense, Zachary exhibited defective psychic structures which suggest a failure to develop adequate lifestyle coping strategies.  Mr. Quigley noted that Zachary, who had no criminal convictions prior to his offense conduct, "is usually able to function on a satisfactory basis, he may experience periods of marked emotional, cognitive, or behavioral dysfunctions."  He had developed self-destructive patterns, was seeking reassurance, and displaying an unhealthy fear of separation. (Doc. 31, pg. 4-5).

When he committed his offense, Zachary was depressed, self-loathing, and had been quietly suffering from a combination of sexual disorders more severe than he or anyone else appreciated.  This is as close as we get to understanding an offense like

3

this: Zachary needed the type of help that is difficult to ask for, he didn't seek it, and he hurt innocent people as a result.

It is against this life that the Court must consider the factors of §3553(a). The applicable guideline range in this case takes into considerable account each of the punitive elements inherent to each factor: his total offense level of 40 considers the seriousness of the offense through an elevated base offense level and several enhancements that reflect aggravating circumstances of his offense. Congress ensured that the statute of conviction itself would promote respect for the law when it enacted a 15-year mandatory minimum sentence, which also serves as a significant degree of statutory deterrence apart from the guideline. From there, the guidelines incorporate additional aggravating factors to arrive at the anticipated advisory range of 292 to 365 months in Zachary's case. This suggests that a sentence within that range is sufficient but not greater than necessary to address each of those factors to the extent incarceration can while affording adequate deterrence, protecting the public, and providing Zachary with appropriate correctional treatment.

Each element of §3553(a) also requires temperance in pursuit of "just punishment" considering the long arc of a sentence in a difficult case like this. Each factor was drafted with the knowledge that the vast majority of defendants sentenced under §3553(a)'s guidance will one day reenter society. The charge to impose a

4

"significant but not greater than necessary" sentence to afford adequate deterrence necessitates imposition of a lengthy term of incarceration in this case. That guidance also requires the consideration of any danger that a greater than necessary sentence may risk for a future society.

## RESTITUTION

Restitution is mandatory as set forth in 18 US.C. § 2259(b)(2), and the Court is charged with determining the full amount of the victim's losses and ordering restitution in an amount that reflects the Zachary's relative role in the causal process that underlies the victim's losses, but which is no less than $3,000. Three victims have submitted requests totaling $25,000. PSR at ¶101. Zachary agrees.

## CONCLUSION

While Zachary has been incarcerated since December 28, 2024, his pretrial detention has occurred in settings where the rehabilitative elements of §3553(a) are secondary considerations. There will be guilt, shame, accountability, acceptance, healing, and growth to come throughout his sentence. Lifetime supervision is likely. Zachary respectfully requests the Court consider that a sentence at the low-end of his applicable guideline range is sufficient but not greater than necessary. The applicable guideline reflects the seriousness of both offenses, and Zachary asks the Court to run his sentence for both offenses concurrently as contemplated in the plea agreement.

RESPECTFULLY SUBMITTED July 15, 2026.

/s/ Russell A. Hart
RUSSELL A. HART
Federal Defenders of Montana
Counsel for Defendant

## CERTIFICATE OF SERVICE
### L.R. 5.2(b)

I hereby certify that on July 15, 2026, the foregoing document was served on the following persons by the following means:

| 1, 2 | CM-EDF |
| ____ | Hand Delivery |
| 3 | Mail |
| ____ | Overnight Delivery Service |
| ____ | Fax |
| ____ | E-Mail |

1.    CLERK, UNITED STATES DISTRICT COURT

2.    ZENO B. BAUCUS
      Assistant United States Attorney
      United States Attorney's Office
      2601 2nd Avenue North, Suite 3200
      Billings, MT  59101
            Counsel for the United States.

3.    ZACHARY DEAN SCHIFFERNS
            Defendant

/s/ Russell A. Hart
RUSSELL A. HART
Federal Defenders of Montana
      Counsel for Defendant
